IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT ALLEN KUKLINSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 5065 |
| | ) | |
| VILLAGE OF HAZELCREST, a Municipal Corporation; SERGEANT DALE MITCHELL, Individually and in his Official Capacity as a Hazel Crest Police Officer. | ) ) ) ) | Judge Magistrate |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Now Comes the Plaintiff, VINCENT ALLEN KUKLINSKI, by and through his attorneys, Law Offices of Jerome F. Marconi, and complaining of the Defendants, VILLAGE OF HAZEL CREST, a municipal corporation and SERGEANT DALE MITCHELL in his individual and official capacity as a Hazel Crest Police Officer, state as follows:

## PARTIES

1. Plaintiff, Vincent Allen Kuklinski ("Kuklinski"), is a citizen of the United States and a resident of the State of Georgia.

2. Defendant, City of Hazel Crest ("Hazel Crest"), is a municipal corporation organized under the laws of the State of Illinois.

3. Sergeant Dale Mitchell ("Mitchell"), is a citizen of the United States. At all times relevant, Mitchell was a sworn member of the Hazel Crest Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant Hazel Crest.

**JURISDICTION AND VENUE**

4. This is an action brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all Defendants are residents of this District and all the acts or omissions which give rise to this cause of action occurred in this District.

**FACTS**

7. On or about August 15, 2009, at approximately 10:30 p.m., Kuklinski's mother and a nurse practitioner began driving Kuklinski to the emergency room at South Suburban Hospital in Hazel Crest, Cook County, Illinois.

8. The nurse practitioner was driving her two door personal vehicle with Kuklinski's mother in the front passenger seat and Kuklinski in the rear seat.

9. On the way to the emergency room, Kuklinski's mother called 911 to request help to get her son into "detox".

10. Kuklinski was not violating any laws or engaging in any criminal activity either before or after arriving at the emergency room at South Suburban Hospital in Hazel Crest, Illinois.

11. At approximately 10:45 p.m., the nurse practitioner stopped her vehicle in front of the entrance doors to the emergency room at South Suburban Hospital. Kuklinski's mother was seated in the front passenger seat. Kuklinski was still in the back seat.

12. Upon stopping her car, the nurse practitioner opened the driver's side door and stepped out of her car. She then observed several police officers arrive at South Suburban Hospital. The police officers had guns drawn and were pointing their guns at the nurse practitioner's car.

13. The nurse practitioner observed Defendant Mitchell approach her vehicle from the rear with his gun drawn and pointed toward her. The nurse practitioner was standing next to her driver's side door which was completely open.

14. While the nurse practitioner stood next to her car, she observed Kuklinski on the rear seat of the car trying to get out the driver's side door. Kuklinski's mother was in the front passenger seat of the car.

15. Kuklinski crawled out of the car from the driver's side of the car onto his hands and knees. The nurse practitioner observed that Kuklinski was holding the nurse practitioner's otoscope when he crawled out of the car.

16. While Kuklinski was on the ground, the nurse practitioner heard police officers direct Kuklinski to stand up and put his hands in the air. Kuklinski was not armed with a weapon nor did Kuklinski threaten anyone prior to being ordered to put his hands in the air.

17. The nurse practitioner was approximately three to four feet from Kuklinski when police directed Kuklinski to stand up.

18. As Kuklinski began to raise his hands in the air, Defendant Mitchell fired several shots at Kuklinski. Mitchell struck Kuklinski twice in the leg. Kuklinski immediately fell to the ground and was bleeding profusely.

19. After Defendant Mitchell shot Kuklinski, several unknown police officers immediately pinned Kuklinski to the ground and handcuffed Kuklinski.

20.     Prior to shooting Kuklinski, Kuklinski never threatened Defendant Mitchell or any other police officers or civilians with bodily harm.

21.     Eventually, emergency room staff came outside and transported Kuklinski into the emergency room for treatment.

22.     As a result of the unprovoked shooting by Defendant Mitchell, Kuklinski received emergency medical treatment and follow up treatment for his injuries.

### COUNT I - §1983 -DEFENDANT MITCHELL
### (Excessive Force)

23.     Plaintiff realleges paragraphs 1-22 of this Complaint at Law as paragraphs 1-22 of Count I as though fully set forth herein.

24.     The conduct of the Defendant Mitchell in shooting Kuklinski was objectively unreasonable and constituted an excessive use of force in that Defendant Mitchell's conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant Mitchell was done deliberately and maliciously with the intent to injure Kuklinski. Defendant Mitchell's conduct violated Kuklinski's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

25.     As a direct and proximate result of the Defendant Mitchell's conduct, Kuklinski suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, permanent disfigurement, economic damages, emotional distress, and attorney fees.

WHEREFORE, the Plaintiff, Vincent Allen Kuklinski, prays for the following relief against Defendant Mitchell:

      a.      Award him compensatory damages for which he is entitled; and

      b.      Award him attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

      c.      Prejudgment interest calculated at the prevailing rate; and

      d.      Punitive damages against Defendant Mitchell; and

      e.      Grant such other relief as this Court deems just and appropriate.

## COUNT II - §1983 -DEFENDANT MITCHELL
### (False Arrest)

26. Plaintiff realleges paragraphs 1-25 of this Complaint at Law as paragraphs 1-25 of Count I as though fully set forth herein.

27. This is an action brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendment to the United States Constitution, and the laws of the State of Illinois.

28. Kuklinski has a constitutional right to be free from arrest and seizure without probable cause.

29. Kuklinski was not violating any laws or statutes when he arrived at South Suburban Hospital nor did he commit any crimes in Defendant Mitchell's presence.

30. Defendant Mitchell's act of shooting Kuklinski and then handcuffing Kuklinski while Kuklinski lay on the ground bleeding constituted an unlawful seizure and an arrest.

31. Defendant Mitchell's arrest and seizure of Kuklinski was without probable cause or provocation and thus in violation of Kuklinski's constitutional rights.

WHEREFORE, the Plaintiff, Vincent Allen Kuklinski, prays for the following relief against Defendant Mitchell:

      a.      Award him compensatory damages for which he is entitled; and

      b.      Award him attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

      c.      Prejudgment interest calculated at the prevailing rate; and

      d.      Punitive damages against Defendant Mitchell; and

      e.      Grant such other relief as this Court deems just and appropriate.

## COUNT III - ASSAUL AND BATTERY
### (Defendant Mitchell and Village of Hazel Crest)

32.     Plaintiff Kuklinski realleges paragraphs 1- 31 of this Complaint as paragraphs 1- 31 of Count III as though fully set forth herein.

33.     Defendant, Village of Hazelcrest, by and through its agent, servant, and/or employee, Defendant Dale Mitchell, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Kuklinski.

34.     As a direct and proximate result of the Defendants', Village of Hazel Crest and Defendant Mitchell, intentional and deliberate actions, Kuklinski suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, permanent disfigurement, emotional distress, economic loss and attorney fees.

WHEREFORE, the Plaintiff, Vincent Allen Kuklinski, prays for the following relief against Defendant Mitchell:

      a.      Award him compensatory damages for which he is entitled; and

      b.      Prejudgment interest calculated at the prevailing rate; and

      d.      Punitive damages against Defendant Mitchell; and

      e.      Grant such other relief as this Court deems just and appropriate.

## COUNT IV
### (Indemnification - Village of Hazel Crest)

35. Plaintiff Kuklinski realleges paragraphs 1- 34 of this Complaint as paragraphs 1- 34 of Count IV as though fully set forth herein.

36. At all relevant times, the Defendant Mitchell was acting under the color of law and within the scope and course of their employment with the Village of Hazel Crest.

37. At all relevant times, the Defendant Village of Hazel Crest was the employer of Defendant Dale Mitchell.

WHEREFORE, Plaintiffs Kuklinski, pursuant to 745 ILCS 10/9-102, demands judgment from Defendant Village of Hazel Crest, for the amount awarded to the plaintiff against Individually named Defendants and for whatever additional relief this Honorable Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                Respectfully submitted,

                /s *Jerome F. Marconi*
                Jerome F. Marconi
                Attorney for Plaintiffs

Jerome F. Marconi
Law Offices of Jerome F. Marconi
555 W. Jackson
Suite 700
Chicago, Illinois 60661
(312) 930-5645